T.C. Memo. 1996-263


UNITED STATES TAX COURT


RICHARD J. MONTGOMERY AND ADELE S. MONTGOMERY, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8028-94.                    Filed June 11, 1996.


Edward L. Blanton, Jr., for petitioners.

Alan R. Peregoy, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(4) of the Internal Revenue Code of 1986, as amended, and
Rules 180, 181, and 183.[1]  The Court agrees with and adopts the
Opinion of the Special Trial Judge, which is set forth below.

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable year in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  Respondent determined a deficiency in petitioners' Federal excise tax under section 4980A for the taxable year 1990 in the amount of $7,569.[2]  In the petition, petitioners claimed an overpayment of income tax in the amount of $30,139 with respect to the additional tax imposed under section 72(t).

After a concession by respondent,[3] the issues for decision are:  (1) Whether petitioner Richard J. Montgomery is liable for the 15-percent excise tax under section 4980A for taxable year 1990; and (2) whether petitioners are liable for the 10-percent additional tax imposed under section 72(t) on early distributions from qualified retirement plans for the taxable year 1990.  The resolution of these issues turns on whether a Transfer Refund distribution was paid from a qualified plan pursuant to sections 4980A(e)(2), 72(t), and 4974(c).

FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found.  Petitioners resided in Hagerstown, Maryland, at the time that their petition was filed with the Court.

---

[2] Sec. 4980A imposes a 15-percent excise tax on excess distributions from qualified retirement plans.  This tax is included within ch. 43 of the I.R.C. and is subject to the deficiency procedures set forth in subch. B of ch. 63 of the I.R.C.  See sec. 6211(a).

[3] Respondent concedes that petitioner Adele S. Montgomery is not liable for the deficiency in issue herein.

Petitioner Richard J. Montgomery (petitioner) is a teacher. He was employed by the Hagerstown, Maryland Community College (the Hagerstown Junior College) in 1990 and remained so employed at least through the time that this case was submitted for decision. As an employee of the Hagerstown Junior College, petitioner was a member of the Maryland State Teachers' Retirement System (the Retirement System) until he transferred to the Maryland State Teachers' Pension System (the Pension System) on June 1, 1990.

In determination letters dated June 23, 1982, respondent determined that the Retirement System and the Pension System were qualified plans under section 401(a) and that they maintained trusts that were exempt from income tax under the provisions of section 501(a). In 1984, 2 years after respondent issued the determination letters, the Maryland State legislature amended some of the provisions in the Retirement System. Respondent did not re-evaluate the provisions of the Retirement System after the enactment of the 1984 amendments by the Maryland State legislature.

The Retirement System requires mandatory nondeductible employee contributions. In contrast, the Pension System does not generally require such contributions. The State of Maryland contributes to both the Retirement System and the Pension System on behalf of the members of those systems.

On May 15, 1990, petitioner elected to transfer from the Retirement System to the Pension System, effective June 1, 1990. As a result of the election to transfer, petitioner received a distribution (the Transfer Refund) from the Retirement System in the amount of $338,451.01. Petitioner received the Transfer Refund in the form of two checks dated June 29, 1990, and November 30, 1990.

Petitioner's Transfer Refund consisted of $37,064.27, in previously taxed contributions made by petitioner during his employment tenure with Hagerstown Junior College, $402.70 in employer "pick-up contributions"[4] and interest thereon, and $300,984.04 of taxable earnings in the form of interest. The earnings, "pick-up contributions", and interest on the pick-up contributions; i.e. $301,386.74, constitute the taxable portion of the Transfer Refund.

When petitioner transferred from the Retirement System to the Pension System, and when he received his Transfer Refund, he had attained the age of 56. If petitioner had not transferred to the Pension System but had remained a member of the Retirement System, he would have been entitled to retire and receive a normal service retirement benefit, including a regular monthly annuity, at age 60. He would not have been entitled to receive a

---

[4] See sec. 414(h)(2). The parties stipulated that petitioner received $403.70 of employer pick up contributions and interest; however, the record demonstrates that petitioner actually received $402.70 of such contributions and interest.

Transfer Refund because a Transfer Refund is payable only as a result of transferring from the Retirement System to the Pension System.

As a result of transferring from the Retirement System to the Pension System, petitioner became, and presently is, a member of the Pension System. As a member of the Pension System, petitioner is entitled to receive a retirement benefit based upon his salary and his creditable years of service, specifically including those years of creditable service recognized under the Retirement System. However, because petitioner received the Transfer Refund on account of transferring from the Retirement System to the Pension System, petitioner's monthly annuity is less than the monthly annuity that he would have received if he had not transferred to the Pension System but had retired under the Retirement System.

On their Federal income tax return (Form 1040) for 1990, petitioners reported "total pensions and annuities" in the amount of $338,451. Of this amount, petitioners reported $301,387 as the taxable amount. Petitioners attached Form 5329 (Return for Additional Taxes Attributable to Qualified Retirement Plans (Including IRAs), Annuities, and Modified Endowment Contracts) to their return. In Part II of such form, petitioners reported liability for the additional tax under section 72(t) in the amount of $30,139.

In the notice of deficiency, respondent determined a deficiency in petitioners' excise tax under section 4980A in the amount of $7,569.[5]  In the petition, petitioners claimed an overpayment of income tax in the amount of $30,139 with respect to the additional tax imposed under section 72(t).

OPINION

The issues for decision are whether petitioner Richard J. Montgomery is liable for the 15-percent excise tax under section 4980A, and whether petitioners are liable for the 10-percent additional tax under section 72(t).  As previously noted, the resolution of these issues turns on whether the Transfer Refund was paid from a qualified plan within the meaning of sections 4980A(e)(2), 72(t) and 4974(c).

1.  Section 4980A Issue

Section 4980A imposes a 15-percent excise tax on excess distributions from qualified retirement plans.  Sec. 4980A(a). As relevant herein, an "excess distribution" is defined as the aggregate amount of "retirement distributions" with respect to any individual during any calendar year to the extent that such amount exceeds $150,000.  Sec. 4980A(c)(1).  Retirement distributions are the amounts distributed to an individual under an individual retirement plan or any "qualified employer plan" with respect to which such individual is or was the employee.

---

[5] See supra note 3 regarding respondent's concession.

Sec. 4980A(e)(1). As relevant herein, section 4980A(e)(2) defines a qualified employer plan as "a plan described in section 401(a) which includes a trust exempt from tax under section 501(a)". A qualified employer plan includes any plan which, at any time, has been determined by the Commissioner to be such a plan.

Petitioners contend that the Retirement System has never met the definition of a qualified employer plan. In advancing this contention, petitioners rely on section 54.4981A-1T(a-3)(c)(2)(i), Temporary Qualified Pension Plan Excise Tax Regs., 52 Fed. Reg. 46750 (Dec. 10, 1987). This regulation provides, as relevant herein, that "an employer plan will be considered to have been treated as a qualified employer plan if any employer maintaining the plan has at any time filed an income tax return and claimed deductions that would be allowable under section 404 (and that were not disallowed) only if the plan was a qualified employer plan under section 401(a) or 403(a)." Petitioners argue that this regulation is an exclusive definition of the term "qualified employer plan" and that such definition only includes those plans where the employer maintaining the plan is required to file a Federal income tax return. Thus, petitioners contend, the term "qualified employer plan" does not include governmental plans.

We disagree with petitioners. Sec. 54.4981A-1T(a-3)(c)(2)(i), Temporary Qualified Pension Plan Excise Tax Regs.,

does not offer an exclusive definition of qualified employer plans, rather, it illustrates one example of when a plan will be treated as a qualified employer plan. Under the plain language of section 4980A(e)(2), a qualified employer plan includes a plan which, at any time, has been determined by the Commissioner to be a qualified plan; i.e., by means of a determination letter, as in the present case. Thus, the fact the Retirement System is a governmental plan does not preclude it from satisfying the definition of a qualified employer plan.

Petitioners also contend that the amendments made to the Retirement System in 1984 violate various provisions of section 401(a) and terminated its qualified status so that the Retirement System was not a qualified employer plan at the time it issued petitioner's Transfer Refund in 1990. Petitioners argue that the excise tax under section 4980A should not apply to petitioner's Transfer Refund unless the Retirement System was a qualified employer plan at the time that it distributed the Transfer Refund.

Respondent contends that, for purposes of section 4980A(a), the qualified status of the Retirement System at the time of petitioner's distribution is irrelevant. Specifically, respondent contends that, under the plain language of section 4980A(e)(2), once the Commissioner determines that a plan is a qualified employer plan, the plan's status for purposes of section 4980A is not changed by subsequent events that might

disqualify the plan. Thus, respondent contends that the Retirement System is a qualified employer plan because respondent issued a determination letter to that effect on June 23, 1982. We agree with respondent.

Section 4980A(e)(2) defines a qualified employer plan to include any plan which, <u>at any time</u>, has been determined by the Commissioner to be such a plan. The regulations promulgated under section 4980A further provide: "Distributions under any plan * * * that has <u>at any time</u> been treated as a qualified employer plan * * * will be treated for purposes of section * * * [4980A] as distributions from a qualified employer plan * * * whether or not such plan * * * satisfies the applicable requirements at the time of the distribution." Sec. 54.4981A-1T(a-3)(c)(2), Temporary Qualified Pension Plan Excise Tax Regs. [Emphasis added.]

Petitioners' contention that the Retirement System is required to have been a qualified plan on the date of petitioner's distribution is inconsistent with the plain meaning of the words used in section 4980A(e)(2). That section merely requires that a plan be determined to be a qualified employer plan at some point in time and not necessarily on the date of the retirement distribution.[6] In the instant case, respondent issued

---

[6] A possible explanation for this definition of a qualified employer plan is that such a definition prevents an employer maintaining a small employer plan from intentionally disqualifying the plan (by violating one of the technical sec.

a determination letter on June 23, 1982, providing that the Retirement System was a plan described in section 401(a) that included a trust exempt from tax under section 501(a).  Thus, under the plain language of section 4980A(e)(2), and under section 54.4981A-1T(a-3)(c)(2), Temporary Qualified Pension Plan Excise Tax Regs., the Retirement System satisfies the definition of a qualified employer plan because it has been treated by respondent to be such a plan.

The only technical arguments advanced by petitioners concern the qualified status of the Retirement System under section 401(a).  Petitioners do not set forth any compelling reason why section 4980A(e)(2) should not be applied to give effect to the plain meaning of the words used therein.  Where a statute is clear on its face, as in this case, we require unequivocal evidence of contrary purpose before construing the statute in a manner that overrides the plain meaning of the statutory words. Huntsberry v. Commissioner, 83 T.C. 742, 747-748 (1984).  No such contrary purpose has been shown here.

Because we are satisfied that our analysis of section 4980A(e)(2) leads to the conclusion that the Retirement System was a qualified employer plan under section 4980A, we sustain respondent's determination that petitioner is liable for the 15-percent excise tax under section 4980A.

---

401(a) requirements) prior to making a distribution, in order to avoid the excise tax on excess distributions.

## 2. Section 72(t) Issue

Section 72(t) provides for a 10-percent additional tax on early distributions from qualified retirement plans.  Paragraph (1), which imposes the tax, provides in relevant part as follows:

> (1)  Imposition of additional tax.--If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

As relevant herein, section 4974(c) defines a qualified employer plan as "a plan described in section 401(a) which includes a trust exempt from tax under section 501(a)" and a plan which the Commissioner at any time has determined to be such a plan.

The 10-percent additional tax does not apply to certain distributions.  For example, section 72(t)(2)(A) provides that the 10-percent additional tax does not apply to distributions that are:  (1) Made on or after the date on which the taxpayer attains age 59-1/2; (2) made to a beneficiary (or to the estate of the taxpayer) on or after the death of the taxpayer; (3) attributable to the taxpayer's being disabled; or (4) made to a taxpayer after separation from service after attainment of age 55.  Petitioners do not contend that they qualify for any of the statutory exceptions under section 72(t)(2), and indeed they do not satisfy any of those exceptions.

Petitioners advance the same arguments with regard to section 72(t) as they did with respect to section 4980A, namely, that the additional tax under section 72(t) does not apply to petitioner's Transfer Refund because, due to the 1984 plan revisions, the Retirement System was not a qualified retirement plan within the meaning of section 4974(c) at the time that it issued petitioner's Transfer Refund.

Respondent contends that the Retirement System is a qualified retirement plan under the plain language of section 4974(c) because respondent issued a determination letter on June 23, 1982, providing that the Retirement System was such a plan. Respondent further contends that under the plain language of section 4974(c), the qualified status of the Retirement System at the time of petitioner's distribution is irrelevant.

As relevant herein, the definition of a "qualified retirement plan" under section 4974(c) is virtually identical to the definition of a "qualified employer plan" under section 4980A(e)(2). Significantly, the definition of a qualified retirement plan under section 4974(c) specifies, as does the definition of a qualified employer plan under section 4980A(e)(2), that a qualified retirement plan includes a plan that, at any time, has been determined by the Commissioner to be such a plan.

Under the plain language of section 4974(c), the Retirement System meets the definition of a qualified retirement plan

because, on June 23, 1982, respondent determined it to be such a plan. Although petitioners contend that the Retirement System must be qualified on the date of petitioner's Transfer Refund in order to be a qualified employer plan, such requirement is inconsistent with the plain meaning of the words used in section 4974(c). Because petitioners offer no compelling reason to construe the words of section 4974(c) in such a way that would be inconsistent with their plain meaning, we give effect to the plain meaning of the words used therein and sustain respondent's determination that petitioners are liable for the 10-percent additional tax under section 72(t).

We have considered petitioners' remaining arguments and find them unpersuasive.

3. Conclusion

In order to give effect to our disposition of the disputed issues, as well as respondent's concession,

Decision will be entered under Rule 155.